SAVAGE, YEATES & WALDRON, P.C.
E. Scott Savage (2865)
Stephen R. Waldron (6810)
170 South Main Street, Suite 500
Salt Lake City, Utah 84101
Phone: (801) 328-2200
Fax: (801) 531-9926
Email: ssavage@sywlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDA T. SEEK | |
| Plaintiff | **COMPLAINT AND JURY DEMAND** |
| vs. | |
| VAIL RESORTS, INC., VR CPC HOLDINGS, INC., GREATER PARK CITY COMPANY AND POWDR CORP. | Civil No. 2:15cv-00187 |
| Defendants | Judge Dale A. Kimball |

The plaintiff, Linda T. Seek, hereby complains of defendants and for cause of action alleges as follows:

**The Parties**

1. The plaintiff Linda T. Seek is an individual who resides in and is a citizen of the State of Florida.

2. The plaintiff complains of injuries she received when a sign fell and struck her while she was watching and videotaping her granddaughter who was participating in the Park City Mountain Resort ski school on March 14, 2014.

3.     Plaintiff is informed and believes that the ownership and operational responsibility for the Park City Mountain Resort has changed since the date of her accident.

4.     The defendant Greater Park City Company is a Utah corporation with its principal place of business in the State of Utah.  Plaintiff believes that either Greater Park City Company or the defendant Powdr Corp. was the corporate entity that was responsible at the time of her injury for the actions of the Park City Mountain Resort personnel and agents that are complained of in this complaint.

5.     The defendant Powdr Corp. is a Delaware corporation with its principal place of business in the State of Utah.  Plaintiff believes that Powdr Corp. owned the defendant Greater Park City Company at the time of her injury and/or it was the corporate entity that was responsible for the actions of the Park City Mountain Resort personnel and agents that are complained of in this complaint.

6.     The defendant Vail Resorts, Inc. is a Delaware corporation with its principal place of business in the State of Colorado.

7.     The plaintiff is informed and believes that the defendant VR CPC Holdings is a wholly owned subsidiary of the defendant Vail Resorts, Inc. and is incorporated in the State of Delaware with its principal place of business either in Colorado or Utah.

8.     The plaintiff is informed and believes that on or about September 11, 2014 either VR CPC Holdings or Vail Resorts, Inc. acquired the defendant Greater Park City Company.

9.     Plaintiff is informed and believes that the corporate entity most likely to now be legally responsible for the conduct of the Park City Mountain Resort personnel and agents complained of in this complaint is either the defendant Vail Resorts, Inc. or the defendant VR CPC

Holdings as plaintiff believes one of those defendants has assumed liability for the conduct complained of in this complaint.

10.     Plaintiff has been unable to verify the entity that actually was responsible for the operations of Park City Mountain Resort and its personnel and agents at the time of her injuries and has been unable to verify which defendant is the correct corporate entity that is now responsible for the complained of actions of the personnel and agents of Park City Mountain Resort.  Plaintiff is informed and believes that if the defendant Vail Resorts, Inc. or the defendant VR CPC Holdings, Inc. is not the defendant so responsible then she believes that one of the other named defendants is responsible and liable to her for the conduct complained of in this complaint.

**JURISDICTION AND VENUE**

11.     Plaintiff is a citizen of the State of Florida and none of the defendants are citizens of the State of Florida and none of the defendants have their principal place of business in the State of Florida.

12.     The amount in controversy in this case exceeds the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between the plaintiff and all of the defendants.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

13.     The wrongful actions complained of herein occurred within the State of Utah and plaintiff's cause of action arose within the State of Utah and venue is proper in the United States District Court for the District of Utah, Central Division.

## FIRST CAUSE OF ACTION
### (Negligence)

14. Plaintiff hereby incorporates the above paragraphs 1 through and including 13 as though herein fully set forth.

15. On or about March 10, 2014, the plaintiff was watching her granddaughter who was taking a ski lesson at the ski school of Park City Mountain Resort. Plaintiff was not skiing at the time and was not on skis at the time.

16. While plaintiff was standing at the base of the ski hill, videotaping her granddaughter, who was proceeding down the hill with the rest of the ski school, a sign fell on plaintiff.

17. The sign in question was above, and formed the top portion of, a portal that was intended by the defendants for people to travel through. The subject portal was one of several at the base of the hill for the ski school, valet ticket holders, ticket purchasers, ski lift access and/or related activities.

18. Plaintiff was standing next to this sign/portal at the time it collapsed, fell over or was blown over and thereby struck plaintiff.

19. The defendants were negligent in that the sign/portal structure that fell on plaintiff should not have been used under the conditions that existed on that day or the subject sign/portal was inadequately and negligently affixed or installed.

20. The negligence of the defendants was a cause of the sign falling down and striking plaintiff.

21. The sign struck plaintiff on the top of her head causing a large gash in her scalp that required 15 staples to close. The sign striking plaintiff also caused plaintiff to incur a cervical spine

injury and soft tissue injury to her neck, upper back, shoulders, right arm and right leg. Plaintiff was knocked unconscious briefly, was dazed and suffered a concussion injury.

22. As a result of the accident, plaintiff suffered several weeks with severe headaches and severe pain in her neck, left shoulder and upper back. During that period of time, plaintiff also experienced dizziness, nausea, drowsiness, trouble focusing her eyes, a flat affect, and cognitive difficulties. Plaintiff was diagnosed as having suffered a severe laceration , soft tissue injuries, a cerebral concussion and post concusive syndrome.

23. Plaintiff still suffers from headaches, memory loss and other cognitive deficits as a result of this accident and these conditions are now believed to be permanent and may worsen over time.

24. As a result of the subject accident, the plaintiff has incurred lost income and significant permanent physical and mental impairment.

25. As a result of the accident, plaintiff has incurred special and general damages in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**(Res Ipsa Loquitor)**

26. Plaintiff hereby incorporates the above paragraphs 1 through and including 25 above as though herein fully set forth.

27. The type of accident of which plaintiff complains does not ordinarily occur unless someone is negligent and the complained of accident occurred as a result of actions that were controlled only by one or more of the defendants and/or one or more of the defendants was

responsible for all likely causes of the subject accident.

     28.     The plaintiff's actions were not a cause of the accident.

     29.     Plaintiff is entitled to application of the doctrine of *res ipsa loquitor*.

WHEREFORE, plaintiff prays as follows:

     1.     For judgment in favor of plaintiff and against defendants;

     2.     For an award of compensatory and consequential damages in an amount to proven at trial;

     3.     For an award of her costs, pre-judgment and post judgment interest and for such other and further relief as the Court deems proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this ___ day of March, 2015.

                                SAVAGE, YEATES & WALDRON, P.C.

                                /s/ E. Scott Savage
                                E. Scott Savage
                                Stephen R. Waldron
                                *Attorneys for Plaintiff*