Adam Strachan, Esq.  (11468)
Kevin Simon, Esq. (8100)
STRACHAN, STRACHAN & SIMON, P.C.
401 Main Street, Second Floor
P.O. Box 1800
Park City, Utah  84060-1800
Telephone:  (435) 649-4111
Facsimile:  (435) 645-9429

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDA T. SEEK, an Individual, | **ANSWER TO COMPLAINT** |
| Plaintiff, | |
| | Civil No. 2:15-cv-00187 |
| v. | |
| | Judge: Dale A. Kimball |
| VAIL RESORTS, INC., VR CPC HOLDINGS, INC., GREATER PARK CITY COMPANY and POWDR CORP. | |
| Defendants. | |

Vail Resorts, Inc. ("Vail Resorts"), VR CPC Holdings, Inc. ("VR CPC"), Greater Park City Company ("GPCC") and Powdr Corp. ("Powdr") (individually as indicated or collectively as "Defendants"), by and through their counsel, Adam Strachan, Esq and Kevin J. Simon, Esq. of Strachan Strachan & Simon, P.C., hereby answer Plaintiff's Complaint and alleges as follows.

1.  Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 1 of Plaintiff's Complaint, and therefore deny the same.

2. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 2 of Plaintiff's Complaint, and therefore deny the same.

3. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to what Plaintiff believes.

4. GPCC admits it is a Utah corporation with its principal place of business in Utah. GPCC denies the remaining allegations in paragraph 4 of Plaintiff's Complaint.

5. Powdr admits it is a Delaware corporation with its principal place of business in Utah. Powdr denies the remaining allegations in paragraph 5 of Plaintiff's Complaint.

6. Vail Resorts admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. VR CPC Holdings, Inc. admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to what Plaintiff believes or has been able to verify, and therefore Defendant deny the remaining allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to Plaintiff's residency. Defendants admit the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The allegation contained in paragraph 13 of Plaintiff's Complaint is a legal conclusion, to which no response is required. To the extent any response is deemed necessary by the Court, Defendants deny that allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants incorporate by reference its answers to all preceding paragraphs of plaintiff's Complaint, and all Affirmative Defenses, as if fully set forth herein.

15. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 15 of Plaintiff's Complaint, and therefore deny the same.

16. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 16 of Plaintiff's Complaint, and therefore deny the same.

17. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 17 of Plaintiff's Complaint, and therefore deny the same.

18. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 18 of Plaintiff's Complaint, and therefore deny the same.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 21 of Plaintiff's Complaint, and therefore deny the same.

22. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 23 of Plaintiff's Complaint, and therefore deny the same.

24. Defendants are without sufficient knowledge or information at this time to form a belief or opinion as to the allegations contained in paragraph 24 of Plaintiff's Complaint, and therefore deny the same.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants incorporate by reference its answers to all preceding paragraphs of plaintiff's Complaint, and all Affirmative Defenses, as if fully set forth herein.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and should be dismissed with prejudice.

### SECOND DEFENSE

Plaintiff's claims against Defendants are barred or should be reduced to the extent that the damages alleged by Plaintiff or any other party to this action were the result of the negligence or fault of Plaintiff, or any other party to this lawsuit, or any third party, other than Defendants, in accordance with Utah's Liability Reform Act, Utah Code Ann. §§ 78B-5-817 through 78B-5-823. Accordingly, Defendants are entitled to have the trier of fact apportion the damages and fault of Plaintiff, Defendants and any third party. Defendants are responsible only for Defendants' proportionate share of fault, if any.

### THIRD DEFENSE

Plaintiff's claims against Defendants are barred or should be reduced to the extent that damages claimed by Plaintiff or any other party to this lawsuit were the result of the negligence or fault of Plaintiff, or any other party to this lawsuit, or any third party over whom Defendants had no right or obligation to control or supervise.

### FOURTH DEFENSE

Plaintiff's claims against Defendants are barred to the extent that Plaintiff's fault for their injuries is greater than or equal to the fault of the Defendants, if any.

### FIFTH DEFENSE

Plaintiff's claims against Defendants are barred or should be reduced to the extent that they have failed to mitigate their damages.

### SIXTH DEFENSE

Defendants asserts that it may not be held liable for any of Plaintiff's injuries or damages, to the extent they exist, in whole or in part, and were the result of any pre- existing conditions of the Plaintiff and not the result of the incident alleged in the Complaint.

### SEVENTH DEFENSE

Plaintiff's claims against Defendants are barred or should be reduced to the extent that Defendants did not owe any duty of care, or in the alternative, did not breach any duty of care, owed to Plaintiff, any other party to the lawsuit, or any third party.

### EIGTH DEFENSE

Plaintiff's claims against Defendants are barred or should be reduced to the extent that: (1) Defendants were not the proximate cause of any damages claimed by plaintiff; (2) there were intervening or superseding causes; or (3) the damages were not foreseeable.

### NINTH DEFENSE

Plaintiff's claims against Defendants are or may be barred for failure to add indispensable parties to this action.

### TENTH DEFENSE

Plaintiff expressly and/or impliedly assumed any risk of injury, and therefore Plaintiff's claims against Defendants are barred.

### ELEVENTH DEFENSE

Plaintiff's claims against Defendants are or may be barred by Utah's Limitations on Landowner Liability Act, Utah Code Ann. §§ 57-14-101, et. seq.

## TWELFTH DEFENSE

Defendants are not liable or negligent because it exercised reasonable care under the circumstances at all times relevant to this action.

## THIRTEENTH DEFENSE

Defendants are not liable to Plaintiff because the danger, if any, they encountered/approached was a known and obvious danger.

## FOURTEENTH DEFENSE

Defendants are not liable for Plaintiff's injuries to the extent any unidentified alleged employee of Defendants were acting outside the course and scope of his or her employment.

## FIFTEENTH DEFENSE

Plaintiff's claims against Defendants are barred pursuant to the doctrines of primary and/or secondary assumption of the risk.

## SIXTEENTH DEFENSE

Plaintiff's claims against Defendants are barred to the extent their purported injuries/damages are the result of an unavoidable accident.

## SEVENTEENTH DEFENSE

Plaintiff and all other parties to this lawsuit have or will spoliate evidence which has or may jeopardize Defendants' defense and therefore Plaintiff's Complaint against Defendants and any Cross-Claim against Defendants should be dismissed with prejudice.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Defendants are barred because Defendants had no reason to anticipate the harm to Plaintiff and/or had no reason to believe that Plaintiff would proceed to encounter/approach the known and/or obvious risk in the manner they did.

**NINETEENTH DEFENSE**

Plaintiff's claims against Defendants are barred because the alleged injuries complained of resulted from vis major, act of God, and/or natural force which Defendants could not reasonably predict, control or prevent.

**TWENTIETH DEFENSE**

Plaintiff's claims against Defendants for statutory interest must be denied to the extent that Plaintiff's Complaint asserts a right to interest as provided by Utah Code Ann. §§ 78B-5-824, inasmuch as said statute is unenforceable and unconstitutional in that it purports to allow interest from the date of the occurrence giving rise to the cause of action, as opposed to the date that the expense, or the indebtedness for the expense, was actually incurred. That statute violates the substantive and procedural Due Process clauses of the United States Constitution, as well as the following sections of the Constitution of Utah: Art. I §§ 7 (Due Process), 27 (Fundamental Rights), 24 (Uniform Operation of the Laws), 11 (Open Courts), and others.

**TWENTY-FIRST DEFENSE**

The discovery limitations of Rule 26 of the Utah Rules of Civil Procedure result in prejudice to Defendants inasmuch as the allotted discovery limitations are insufficient to allow for adequate discovery into, and proper defense against, Plaintiff's claims; therefore, those limitations are unenforceable and unconstitutional in that they violate the substantive and procedural Due Process clause of the United States Constitution, as well as the following sections of the Constitution of Utah: Art. I §§ 7 (Due Process), 27 (Fundamental Rights), 24 (Uniform Operation of the Laws), 11 (Open Courts), and others.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to add indispensable parties to this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and purported injuries/damages are the result of risks inherent in the sport of skiing and, thus, must be dismissed with prejudice.

**WHEREFORE**, having fully answered Plaintiff's Complaint against it, Defendants hereby respectfully pray for the following relief:

A. Judgment for Defendants and against Plaintiff on all of Plaintiff's Claims.

B. Leave to raise additional defenses and claims that may become known at a later date;

C. Defendants' costs in defending this action;

D. Any lawful pre-judgment and post-judgment interest; and

E. Any other relief this Court deems necessary and/or proper under law and/or equity.

DATED this 14th day of April 2015.

STRACHAN STRACHAN & SIMON

*Adam Strachan*
Adam Strachan
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER TO COMPLAINT** was served via Pacer/CMECF system on this 14th day of April, 2015.

SAVAGE, YEATES, & WALDRON, PC
E. Scott Savage
Stephen R. Waldron
170 South Main Street, Ste. 500
Salt Lake City, Utah 84101
ssavage@sywlaw.com
*Attorneys for Plaintiff*

*Adam Strachan*