# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **LINDA T. SEEK,** <br><br> Plaintiff, <br><br> vs. <br><br> **VAIL RESORTS, INC., et al.,** <br><br> Defendants, | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:15CV187DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion in Limine to Exclude Evidence of Post-Accident Conduct [Docket No. 41] and Plaintiff's Motion in Limine Regarding Plaintiff's Complaint and Plaintiff's Amended Complaint [Docket No. 51]. On November 7, 2017, the court held a hearing on the motions. At the hearing, Plaintiff was represented by E. Scott Savage and Defendants were represented by Adam Strachan. The court took the motions under advisement. The court has carefully considered the parties arguments as well as the law and facts relevant to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On March 10, 2014, a windstorm at Park City Mountain Resort blew a sign into Seek, striking her in the head. Seek alleges that she suffered brain injury and a knee injury from the accident. Defendants state that, at trial, they will concede liability for the sign falling on Seek. But Defendants will contest (1) the nature and extent of Seek's claimed brain injury and (2) the nature,

extent, and causation of Seek's knee injury. Seek had injured her knee in a skiing accident the day before the incident with the sign. The parties dispute the extent of the knee injury attributable to the skiing accident and the sign incident.

1.  **Defendants' Motion in Limine to Exclude Evidence of Post-Accident Conduct**

Defendants ask the court to exclude all evidence and argument regarding: (1) structural changes that were made to the sign following the accident; (2) post-accident changes to Defendants' policies and procedures regarding erecting such signs in high-wind conditions; and (3) how or why the sign was disposed of after the accident.

Under Rule 407 of the Federal Rules of Evidence, "[w]]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measure is not admissible to prove . . . negligence." Fed. R. Evid. 407. The structural changes and the policy and procedures change were enacted to make an accident less likely to occur and cannot be admitted to prove negligence. Moreover, in this case, the changes are irrelevant because Defendants admit that they had a duty to ensure that Seek was not hit by a sign and that they breached their duty. Therefore, evidence of Defendants' changes are inadmissible.

The parties further dispute whether evidence regarding when and how Defendants disposed of the sign is admissible. Defendants claim that the evidence is irrelevant because they concede that, for purposes of Seek's brain injury, the force of the sign was sufficient to cause the injury she sustained and, for purposes of the knee injury, the force of the sign was not insufficient to cause the knee injury. Although she has not filed any motion regarding spoliation, Seek contends that evidence as to the sign's disposal is relevant and she is entitled to a spoliation instruction requiring the jury to make an adverse inference concerning the force with which the sign struck Seek.

Seek has not attempted to produce evidence in support of her request for a spoliation instruction. Under Tenth Circuit precedent, Plaintiff must present evidence that Defendants disposed of the sign in bad faith. *Turner v. Pub. Serv. Co.*, 563 F.3d 1136, 1149 (10th Cir. 2009) (affirming district court's refusal to give adverse spoliation jury instruction without evidence of bad faith or intentional conduct); *McQueen v. Aramark Corp.*, 2016 U.S. Dist. LEXIS 164678 (D. Utah 2016) (denying request for adverse instruction where defendant acted with gross negligence rather than bad faith). While Defendants may have been grossly negligent in disposing of the sign after someone was injured by it, there is no evidence that Defendant's disposed of the sign in bad faith. There were pictures of the sign from the time of the accident and Defendants changed signs as a result in the change of ownership at the resort. Seek accuses Defendants of concealing the sign change, but Seek never propounded interrogatories about sign changes and a layperson could easily notice the change in the signs. To claim that Defendants somehow "concealed" what was so blatantly obvious is a meritless attempt to insinuate bad faith where there is none.

Moreover, Plaintiff must show that she is prejudiced by the loss of the sign. *Burlington Northern & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). Seek contends that the absence of the sign precludes her from proving the force of the impact. But Defendants admit that the sign could have hit her with sufficient force to cause her injuries. Defendants only dispute is whether the knee injury was caused by the sign incident or Seek's skiing accident the day before. The existence of the sign will not be relevant to that debate. Rather, the parties will rely on medical evidence and eyewitness testimony.

The court concludes that a jury instruction that Defendants destroyed evidence in bad faith is not warranted and would be highly prejudicial. Such an inference would permeate the trial and prejudice the jury against Defendants on an issue of little probative importance. Accordingly, the

court grants Defendants' motion in limine.

2. **Plaintiff's Motion in Limine Re: Plaintiff's Complaint and Amended Complaint**

Defendants' have marked Plaintiff's Complaint as Exhibit A and Plaintiff's Amended Complaint as Exhibit B. Defendants intend to offer the two complaints to show that Plaintiff did not initially complain of her knee injury. Seek argues that her counsel did not originally believe there was enough evidence to include a claim for the knee injury due to a mistaken understanding of the facts and that he added the claim when it became apparent during discovery that there was sufficient evidence to support the claim. Seek contends that counsel's mistake in not including the knee injury in the original Complaint is embarrassing, but not relevant to the issues of the case.

Rather than relating to a fact of consequence, the Amended Complaint issue relates more to litigation procedures. There is nothing contradictory in the two complaints. The information regarding Seek falling awkwardly and tearing her ACL were merely added to the original Complaint. Defendants argue that they should be able to tell their story with respect to the inclusion of the knee injury in the Amended Complaint, but the real issue is the causation of the knee injury and Defendants can make all of their arguments regarding the causation of the knee injury without reference to the somewhat belated addition of the claim in the Amended Complaint. The court and jury need not wander off into correct litigation procedures and attorney testimony as part of Defendants' defense. To suggest that the claim was added only to enlarge Seek's special damages claim ignores that there was obviously a basis for including the claim in the Amended Complaint or Defendants would have moved to dismiss the Amended Complaint or for summary judgment on the claim. Moreover, given the evidence's limited relevance, delving into whether there was a basis for amending the Complaint or speculation as to why Seek amended the Complaint is more prejudicial than probative. Accordingly, the court grants Seek's motion in limine.

## CONCLUSION

Based on the above reasoning, Defendants' Motion in Limine to Exclude Evidence of Post-Accident Conduct [Docket No. 41] is GRANTED and Plaintiff's Motion in Limine Regarding Plaintiff's Complaint and Plaintiff's Amended Complaint [Docket No. 51] is GRANTED.

DATED this 9th day of November, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge